2/3/2020 3:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40512638
By: Wanda Chambers
Filed: 2/3/2020 3:43 PM

2020-07585 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| ROXANNE JACKSON & ADEWALE ONASANYA | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| AMICA MUTUAL INSURANCE COMPANY | § § § § | |
| Defendant | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiffs, Roxanne Jackson and Adewale Onasanya (hereinafter, "Plaintiffs"), complain of Defendant, Amica Mutual Insurance Company, and would respectfully show the Court that

### Discovery Control Plan

1. Plaintiffs intend to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), ), Plaintiffs seeks monetary relief of no more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiffs are justly entitled. Plaintiffs further plead that the amount in controversy in this matter does not exceed $75,000.00. Plaintiffs expressly reserve the right to amend this Rule 47 statement of relief if necessary.

1

EXHIBIT 4

4. Plaintiffs expressly reserve the right to amend this Rule 47 statement of relief if necessary.

## Parties

5. Plaintiff, Roxanne Jackson, is an individual residing in Fort Bend County, Texas.

6. Plaintiff, Adewale Onasanya, is an individual residing in Harris County, Texas.

7. Defendant Amica Mutual Insurance Company ("Amica"), is an insurance carrier, authorized to conduct business and write auto insurance policies in the State of Texas. Defendant Amica may be served with process by serving its registered agent, Robert R. Foss, Jr., at 2150 Town Square Pl., Ste. 600, Sugarland, Texas 77479.

## Facts

8. This lawsuit is necessary as a result of personal injuries that Plaintiffs received on or about October 15, 2017. At that time, Plaintiff, Adewale Onasanya, was traveling northbound in the 1200 block of State Highway 146 and was in the left turn lane only. Plaintiff, Roxanne Jackson, was a passenger in Adewale Onasanya's vehicle at the time of the incident. An uninsured driver, was traveling southbound in the 1300 block of State Highway 146 in the inside lane while her license was invalid. Plaintiff Adewale Onasanya turned left after being prompted by a green light and the uninsured driver failed to observe the given traffic signal. Subsequently, the uninsured driver collided with Plaintiff's vehicle after running a red light. As a result of the uninsured driver's negligence and/or negligence *per se*, Plaintiffs suffered serious and permanent injuries.

9. The uninsured driver's aforementioned conduct constitutes negligence and negligence *per se* for one or more of the following reasons:

   a. Failed to control vehicle's speed;
   
   b. Failed to operate the vehicle safely;
   
   c. Failed to keep a proper lookout;

EXHIBIT 4

      d. Failed to timely apply brakes;

      e. Failed to take proper evasive action;

      f. Violated applicable, local, state and federal laws and/or regulations;

      g. Failed to yield right of way;

      h. Other acts so deemed negligent.

9. As a result of these acts or omissions, Plaintiffs sustained damages recognizable by law.

## Damages

10. By virtue of the actions and conduct of the Defendant set forth above, Plaintiffs were seriously injured and is entitled to recover the following damages:

      a. Past and future medical expenses;

      b. Past and future pain, suffering and mental anguish;

      c. Past and future physical impairment;

      d. Past and future physical disfigurement;

      e. Past lost wages and future loss of earning capacity.

11. By reason of the above, Plaintiffs are entitled to recover damages in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Uninsured Motorist Claim

12. On the date of the collision in question, the driver involved in the accident was what is known as an "uninsured motorist." Fortunately, before this collision occurred, Plaintiffs had purchased what is known as "uninsured/underinsured motorist coverage" to protect themselves from just this type of situation. Plaintiffs would show that all proofs of loss and other conditions precedent necessary to the maintenance of this suit against Defendant Amica have been satisfied.

13. Defendant Amica has not tendered benefits under the underinsured/uninsured motorist

policy to the Plaintiffs. Based on this fact, Plaintiffs were forced to file this lawsuit

14. Defendant Amica's aforementioned conduct is in direct violation of numerous statutory provisions.

### A. Violations of the Texas Insurance Code

15. Defendant Amica failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A) (formerly Art. 21.21 §4(10)(ii)).

16. Defendant Amica failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies and behaved in an unconscionable manner.

17. Defendant Amica refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7) (formerly Art. 21.21 §4(10)(vii)).

18. Defendant Amica knowingly and intentionally committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1) (formerly Art. 21.21 §2(c)).

### B. Breach of Duty of Good Faith and Fair Dealing

19. Defendant Amica, as Plaintiffs' automobile insurer, had a duty to deal fairly and in good faith with them in the processing of Plaintiffs' personal injury claims. Amica breached this duty by refusing to properly investigate, improperly denying benefits, looking for excuses to deny benefits and refusing to pay benefits timely and taking actions contrary to its duties under the Texas Liability Insurance Code. Defendant Amica knew or should have known that there was no reasonable basis for denying or delaying Plaintiffs' required benefits. As a result of Amica's breach of these legal duties, Plaintiffs suffered legal damages.

EXHIBIT 4

20. Defendant Amica also acted in an unconscionable, intentional and/or knowing manner, as that term is legally defined, and as a result are liable for the statutory penalties that apply, including treble damages.

### C. Violations of the Texas Deceptive Trade Practices-Consumer Protection Act

21. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant Amica's violations of the Texas Insurance Code create a cause of action under the DTPA. These violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

22. Plaintiffs sent the required statutory notice and demand pursuant to the DTPA.

### D. Breach of Contract

23. Defendant Amica has a contractual obligation to pay Plaintiffs for the damages Plaintiffs incurred in the collision made the basis of this suit pursuant to Plaintiffs' UM/UIM policy. Despite demand, Defendant Amica has deliberately and intentionally failed to comply with the contract between the parties and is therefore liable for breach of contract.

### E. Declaratory Judgment

24. Based on the foregoing facts and circumstances, Plaintiffs seek declaratory judgment pursuant to Texas Civil & Remedies Code § 37.001 *et seq.*, to have their rights, status, and other legal relationships between themselves and Defendant Amica established by a Court of competent jurisdiction. In particular, Plaintiffs seek a declaration from the Court that:

   a. The uninsured was negligent and liable for the occurrence described above;
   b. Plaintiffs sustained compensable damages as a result of the negligence of the uninsured;

c. The damages sustained by the Plaintiffs fall within the terms of coverage afforded under the policy sold by Defendant Amica;

d. The amount for all categories of economic and non-economic damages, as set forth in this petition, Plaintiffs are entitled to recover from Defendant Amica, allowing for all applicable credits and offsets;

e. Defendant Amica has engaged in *per se* statutory violations of the Texas Insurance Code, and is liable for all remedies set forth in pertinent subchapters;

f. Defendant Amica has breached its contract with the Plaintiffs, and is liable for all remedies set forth at common law for said breach; and

g. Specifying, the amount of damages owed to the Plaintiffs under the insurance contract with Defendant Amica, including interest, reasonable and necessary attorneys' fees, costs of court, and other expenses.

### Request for Disclosure

25. Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request Defendant Amica to disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Other Discovery

26. Plaintiffs refer Defendant Amica to the attached Requests for Admissions, Interrogatories and Requests for Production and notify you that a response is required within 50 days of service of these requests.

## Rule 193.7 Notice

27. Plaintiffs hereby gives actual notice to Defendant Amica that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiffs pray that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgement interests, exemplary damages, all costs of Court, and all such other and further relief, to which Plaintiffs may be justly entitled

Respectfully submitted,

**DASPIT LAW FIRM**

/s/ Brandon Schilter
Brandon Schilter
Texas State Bar No. 24098388
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFFS**

EXHIBIT 4